Estate of Cecil W. Smith, Deceased, Toby Y. Thompson, Administrator v. Commissioner.
Estate of Smith v. Commissioner
Docket No. 94457.
United States Tax Court
T.C. Memo 1963-312; 1963 Tax Ct. Memo LEXIS 36; 22 T.C.M. (CCH) 1641; T.C.M. (RIA) 63312; November 25, 1963
*36 Petitioner's decedent, C. W. Smith, was a fifty percent partner in the C. W. Smith Company during the years 1952, 1953, and 1954, and accordingly is liable for income taxes on fifty percent of the distributable income of the partnership for those years. Edward M. Gerrity, 160 W. State St., Sycamore, Ill., for the petitioner. Helen A. Viney for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: Respondent determined deficiencies in the income tax of petitioner for the years and in the amounts as follows: Year
Deficiency
1952
$ 91.97
1953
1,207.85
1954
2,015.31
The sole issue is whether petitioner is taxable on a fifty percent share of the distributable income of a partnership for the taxable years 1952, 1953, and 1954, under section 182, Internal Revenue Code of 1939, and section 702, Internal Revenue Code of 1954. The determination of this issue depends in turn on whether petitioner's decedent was a fifty percent partner in the partnership during the years involved. Findings of Fact The stipulation of facts and exhibits attached thereto are hereby adopted. Cecil W. Smith, also known as C. W. Smith (hereinafter referred to as Smith), was an individual residing in *37 Waterman, Illinois. For 1951 and prior years he filed his Federal income tax returns for calendar years and on a cash basis. No Federal income tax returns were filed by Smith or on his behalf for the taxable years 1952, 1953, and 1954. On April 29, 1952, Smith was declared incompetent by the County Court of DeKalb County, Illinois, and Toby Y. Thompson (sometimes hereinafter referred to as Thompson), a resident of DeKalb County, was appointed conservator of his person and estate. Smith remained incompetent until his death on June 8, 1960, after which Thompson was appointed administrator with the will annexed of his estate. Agnes Smith, Smith's wife, who was named as executrix in Smith's will, had died in 1950. There were no children of the marriage. On March 10, 1942, a partnership called C. W. Smith Company, was formed between Smith, Jessie T. Vaughn, and John T. Vaughn for the purpose of buying and selling petroleum products at Centralia, Illinois. The partnership agreement provided that the capital necessary for carrying on the business was to be the proportionate share of each of the partners in the assets of the C. W. Smith Company, an Illinois corporation, then in process of *38 dissolution, in which corporation Smith owned fifty percent of the stock and the Vaughns the other fifty percent. The partnership agreement provided for termination of the partnership ten years from date and for division of the profits and losses as follows: C. W. Smith
1/2(50%)
Jessie T. Vaughn
2/5(40%)
John T. Vaughn
1/10(10%) The agreement was signed by Smith, John T. Vaughn and Jessie T. Vaughn. Sometime later, but prior to 1952, T. R. Vaughn (sometimes hereinafter referred to as Vaughn) became a partner. Neither Smith nor Thompson were related by blood or marriage to T. R. Vaughn, Jessie T. Vaughn, or John T. Vaughn. The latter three persons are related to each other as husband, wife, and son, respectively, and reside in Centralia. Partnership returns (Form 1065), signed by T. R. Vaughn, as partner, were filed for the C. W. Smith Company, for each of the years 1950 to 1955, inclusive. These returns listed the partners and their respective partnership interests as follows: 1950
1951
1952
1953 * *39 1954
1955 *
C. W. Smith
50.0%
50.0%
50.0%
50.0%
50.0%
Jessie T. Vaughn
39.9%
39.9%
39.9%
39.9%
39.9%
39.9%
John T. Vaughn
10.0%
10.0%
10.0%
T. R. Vaughn
.001%
00.1%
.01%
10.1%
10.1%
60.1%
Smith's capital account as of the beginning of 1952 was $7,174.78. His distributive share of the partnership income, as shown by the partnership returns for the years involved, was as follows: Ordinary
Net Long-Term
Year
Net Income
Capital Gain
1952
$1,020.72
1953
5,842.34
$636.16
1954
9,042.33
As of December 31, 1954, Smith's capital account, as shown by the return for 1954, was $23,706.33. The return filed for the partnership (Form 1065) for the year 1955 indicates the entire amount of Smith's capital account ($23,706.33) was withdrawn in 1955, and that T. R. Vaughn made a capital contribution in the amount of $25,175.99. No part of Smith's capital account was withdrawn or received by him or *40 on his behalf during the years 1952, 1953, 1954, or 1955. The returns for 1950 to 1955, inclusive, indicate T. R. Vaughn devoted one hundred percent of his time to the company's business and that none of the other partners devoted any time to such business. Subsequent to his appointment as conservator of the person and estate of Cecil W. Smith, Thompson filed an amended inventory setting forth an interest of Cecil W. Smith individually in the earnings of the C. W. Smith Company, inclusive, based upon Federal tax returns filed on behalf of the Company for the years 1950 to 1955, inclusive, and on September 11, 1959, filed a petition in the County Court of DeKalb County, Illinois, for a Citation to Discover Assets to be issued to T. R. Vaughn and Jessie T. Vaughn. Order for such citations was entered by the County Court of DeKalb County on May 13, 1960. Cecil W. Smith having died and Thompson having been appointed administrator with will annexed of the Estate of Cecil W. Smith, Deceased, Thompson, on September 20, 1960, filed a petition in the County Court of DeKalb County for a new order for citation to recover property and discover assets to be issued to T. R. Vaughn and Jessie T. *41 Vaughn. Order for such citation was entered by the court on September 20, 1960, and citations were issued and served on T. R. and Jessie T. Vaughn. On November 22, 1960, the County Court of DeKalb County entered the following Order: * * *
The Court having heard the evidence and having examined the documentary proof submitted, doth find that the Court has jurisdiction of the subject matter and the parties to this proceeding. The Court further finds that Roy Vaughn, also known as T. R. Vaughn, did not acquire the interest of C. W. Smith in the partnership of the C. W. Smith Company of Centralia, Illinois, by assignment, gift or purchase. The evidence as to the affairs of the partnership, what the partnership consisted of, the duration of the partnership, and the interests of the various parties is so inconclusive that the Court makes no finding as to these matters in this action. Motions to modify the decree were thereafter filed both on behalf of the Estate of Cecil W. Smith and on behalf of T. R. and Jessie T. Vaughn. On August 18, 1960, T. R. Vaughn and his wife, Jessie T. Vaughn, filed a petition for declaratory judgment against Thompson as administrator of Smith's estate in the Circuit *42 Court of Marion County, Illinois, alleging that the partnership had been dissolved in 1949 upon the transfer to Smith of a mineral lease and that Smith had consented to the use of his name by the partnership until disposition of a claim for personal injuries against the firm on which suit was filed in 1950 and which was not settled until 1953. Thompson answered, denying all material allegations of the petition and filed a counterclaim, alleging that Smith had a fifty percent interest in the partnership until his death on June 8, 1960, and that his estate was entitled to the sum of $29,077.52, representing Smith's capital account as of December 31, 1954 ($23,706.33), and fifty percent of the partnership net income for the year 1955 ($5,371.19), and $1,000, plus interest, the amount alleged to be due on a loan by Smith to the partnership. Before trial on the merits, the parties settled the case for $11,500, and on March 16, 1961, the Circuit Court of Marion County entered a declaratory judgment and decree providing in part as follows: * * *
4. That during the period in question in the above-entitled cause the Counter-Plaintiff's decedent, C. W. Smith, and the Plaintiffs and Counter-Defendants, *43 T. R. Vaughn and Jessie T. Vaughn, were engaged in a partnership doing business under the name and style of C. W. Smith Company, Centralia, Illinois, now known as United Petroleum Company of Centralia, Illinois; said partnership being engaged in the recovery of crude oil and preparation of such recovered oil for market. 5. That the interest of the said C. W. Smith as a partner in the said C. W. Smith Company of Centralia, Illinois during the period in question was a fifty per cent (50%) partnership interest in said partnership. 6. That during the period in question the Plaintiff and Counter-Defendant, T. R. Vaughn, was the managing partner of the aforesaid partnership and had custody and control over the assets of said partnership. 7. That the Plaintiffs and Counter-Defendants, T. R. Vaughn and Jessie T. Vaughn, as surviving partners owed a duty to the Estate of C. W. Smith, deceased, to render an account. 8. That the Plaintiffs and Counter-Defendants. T. R. Vaughn and Jessie T. Vaughn, as surviving partners have rendered an accounting of the assets and profits of the aforesaid partnership in the above-entitled cause and the Court finds that there is due and owing by them to the said *44 Estate of C. W. Smith, deceased, the sum of Eleven Thousand Five Hundred Dollars ($11,500.00). * * *
WHEREFORE. IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS: * * *
II. That the Counter-Plaintiff's decedent, C. W. Smith, should be and hereby is declared to have been a partner with Counter-Defendants, T. R. Vaughn and Jessie T. Vaughn, in the C. W. Smith Company of Centralia, Illinois during the period in question and the said C. W. Smith, deceased during the period in question possessed a fifty per cent (50%) partnership interest in said partnership. The period in question referred to in the decree of the Circuit Court of Marion County, as indicated by the pleadings therein, includes the taxable years 1952, 1953, and 1954. On March 24, 1961, the citation proceeding pending in the DeKalb County Court was dismissed. Smith had a fifty percent partnership interest in the partnership known as C. W. Smith Company during the years 1952, 1953, and 1954. Opinion The issue is whether Smith's estate is liable for Federal income taxes on fifty percent of the distributable income of the C. W. Smith Company, a partnership, for the taxable years 1952, 1953, and 1954. The determination of this *45 issue depends upon the question whether Smith was a partner in the C. W. Smith Company during these years. Petitioner has the burden of overcoming the presumptive correctness of respondent's determination. Petitioner agrees, as indeed it must, that if Smith was a partner in the C. W. Smith Company during the years 1952, 1953, and 1954, his estate is liable for Federal income taxes on his distributive share of the partnership income for those years whether or not actually distributed to him. Starr v. Commissioner, 267 F. 2d 148, 149 (C.A. 7, 1959), affirming on this point a Memorandum Opinion of this Court; Stoumen v. Commissioner, 208 F. 2d 903, 906 (C.A. 3, 1953), affirming a Memorandum Opinion of this Court. The parties are in agreement that Smith was a fifty percent partner in the C. W. Smith Company prior to March 1952. Petitioner contends, however, that Smith ceased to be a partner on March 10, 1952, the date provided in the partnership agreement of March 10, 1942, for termination of the partnership. In support of this contention, petitioner cites section 31 of the Illinois Revised Statutes, Chapter 106 1/2. [1] Petitioner further argues that the Circuit Court of Marion County *46 held "by compelling implication" that Smith had no interest in the profits or losses of the partnership after March 10, 1952, and that this decision of the state court is controlling. In his references, on brief, to certain sections of the Illinois Uniform Partnership Act (Chapter 106 1/2 of the Illinois Revised Statutes) petitioner failed to call attention to section 23 of this Act. Section 23 [2] *47 provides that when a partnership for a fixed term is continued after the termination of such term without any express agreement, the rights and duties of the partners remain the same so far as is consistent with a partnership at will. It further provides that a continuation of the business by the partners or such of them as habitually acted therein during the term, without any settlement or liquidation of the partnership affairs, is prima facie evidence of a continuation of the partnership. There is no evidence of any settlement or liquidation of the partnership affairs on or near March 10, 1952, and the partnership returns for the years 1950 through 1955 show that the partnership business was continued by T. R. Vaughn who had habitually managed the business both before and after 1952. It necessarily follows that the partnership was not terminated on March 10, 1952. The fact that Smith was adjudged incompetent by the DeKalb County Court on April 29, 1952, was not sufficient of itself to effect a termination of the partnership. Raymond V. Vaughan, 128 Ill. 256, 21 N.E. 566; Ill. Rev. Stat. Ch. 106 1/2, section 32. Petitioner has failed to establish by any *48 competent evidence that Smith's partnership interest in the C. W. Smith Company was terminated at any time prior to December 31, 1954. Petitioner did not offer in evidence the books and records (other than the partnership returns) of the C. W. Smith Company, or the testimony of any of the other partners. Nor has it offered any satisfactory explanation of the failure to do so. Neither the testimony nor the factual allegations contained in the pleadings in the state court proceedings, frequently adverted to on brief by petitioner, may be considered as substantive evidence in the present proceeding. The partnership returns are not only competent evidence of Smith's partnership interest (see Mertens Law of Federal Income Taxation, § 35.04 and cases cited in footnote 75 thereto), but, in the absence of countervailing evidence herein, clearly establish that Smith had a fifty percent partnership interest in the C. W. Smith Company throughout the taxable years 1952, 1953, and 1954. Our conclusion that Smith was a fifty percent partner in the C. W. Smith Company during the years 1952, 1953, and 1954, is not only consistent with, but required by the judgment and decree of the Circuit Court *49 of Marion County, Illinois, wherein C. W. Smith, deceased, was held to have been a partner with T. R. Vaughn and Jessie T. Vaughn in the C. W. Smith Company "during the period in question" and that "during the period in question" he possessed a fifty percent partnership interest in said partnership. We do not agree with petitioner's contention herein that the Circuit Court of Marion County held "by compelling implication," or otherwise, that Smith had no interest in the profits or losses of the partnership after March 10, 1952. As shown by the pleadings, particularly the counterclaim filed therein on behalf of the Estate of C. W. Smith, deceased, the phrase "during the period in question" clearly included the years 1952, 1953, and 1954. There can also be no doubt that this state court decision was rendered in an adversary proceeding and finally adjudicated the rights of the parties inter sese. As such it was determinative of the relationship of the parties. See Harry F. Shannon, 29 T.C. 702, 728; Freuler v. Helvering, 291 U.S. 35; Gallagher v. Smith, 223 F. 2d 218 (C.A. 3, 1955); Mertens Law of Federal Income Taxation, § 61.03. There is no merit in petitioner's contention, on brief, *50 that respondent's determination was arbitrary. The partnership returns on which respondent relied are the same returns on which petitioner relied in both the state court proceedings. The burden was on petitioner, not respondent, to establish, if such was the fact, that the returns were not correct. We hold that C. W. Smith was a fifty percent partner in the C. W. Smith Company during each of the taxable years 1952, 1953, 1954, and that his estate, the petitioner herein, is liable for Federal income taxes on his distributive share of the partnership income for those years. In view of our finding that Smith's distributive share of the partnership income included net long-term capital gain in the amount of $636.16 for the year 1953, rather than 1954 as stated in respondent's notice of deficiency, Decision will be entered under Rule 50. Footnotes
*. The partners' interests for 1953 and 1955 were not stated in percentages, but the division of ordinary income for these years was in the percentages here shown. The return for 1953 indicates that John T. Vaughn withdrew the entire amount of capital account credited to him as of the beginning of the year and was credited with no part of the partnership income for that year, and also that T. R. Vaughn made a capital contribution ($1443.09) equal to the amount withdrawn by John T. Vaughn and was credited with 10.1% of the partnership income.
1. SECTION 31. WHEN DISSOLUTION IS CAUSED Dissolution is caused: (1) Without violation of the agreement between the partners, (a) By the termination of the definite term or particular undertaking specified in the agreement.↩
2. SECTION 23. CONTINUATION OF PARTNERSHIP BEYOND FIXED TERM (1) When a partnership for a fixed term or particular undertaking is continued after the termination of such term or particular undertaking without any express agreement, the rights and duties of the partners remain the same as they were at such termination, so far as is consistent with a partnership at will. (2) A continuation of the business by the partners of such of them as habitually acted therein during the term, without any settlement or liquidation of the partnership affairs, is prima facie evidence of a continuation of the partnership.↩